# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 96-20458

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, ET AL.,

Plaintiffs,

RHONDA L. GOERLITZ,

Intervenor/Plaintiff-Appellee,

versus

CLEAR LAKE DODGE, ET AL.,

Defendants,

GULF COAST DODGE d/b/a
CLEAR LAKE DODGE,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
( H-91-CV-957)

---

February 14, 1997

Before POLITZ, Chief Judge, WIENER and STEWART, Circuit Judges.

POLITZ, Chief Judge:[*]

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Clear Lake Dodge appeals the judgment on remand resetting attorney's fees for counsel for Rhonda Goerlitz in her Title VII discrimination action. As the unsuccessful defendant in a Title VII action brought by the Equal Employment Opportunity Commission, in which Goerlitz was permitted to intervene and fully participate, CLD was ordered to pay back pay, prejudgment interest thereon, and attorney's fees.

On the first appeal we affirmed the judgment but vacated the award of attorney's fees and remanded in order that the district court might revisit the issue and determine the extent to which the efforts by Goerlitz's counsel were not "redundant or unnecessary" considering that counsel for the EEOC brought the action. On remand the court faithfully implemented this court's directive and reduced its earlier award by over 30 percent. The trial court also awarded a sum for fees on the earlier appeal; in doing so, the requested amount was reduced by at least one-quarter.

The Civil Rights Act of 1964 provides that a "prevailing party" in a suit brought under Title VII is entitled to recover attorney's fees and costs.[1] Recognizing the "district court's superior understanding of . . . litigation," we have

---

[1] 42 U.S.C. § 2000e-5(k).

committed the award of such attorney's fees to that court's discretion.[2] Thus we will disturb the award of attorney's fees only if the district court abused its discretion in making or calculating the award or based it on factual findings that are clearly erroneous.[3] With these principles in mind we again review the district court's award of attorney's fees herein.

On remand the district court conducted a hearing and required written submissions of the parties, seeking to determine the relative contributions of counsel for Goerlitz and counsel for the EEOC in the trial and first appeal of this matter. At the hearing, Goerlitz's counsel testified that she alone discovered evidence, including a witness and personnel files, to prove Goerlitz's claim that CLD's alleged reasons for termination were pretextual. In addition, an EEOC attorney testified that the EEOC relied heavily on Goerlitz's counsel to act as a "private attorney general" and depended on Goerlitz's counsel's superior knowledge of and experience in the prosecution of Title VII cases, and that the EEOC and Goerlitz's counsel worked "collegially and cooperatively" in the successful prosecution of Goerlitz's claim.

---

[2] **Hensley v. Eckerhart**, 461 U.S. 424, 437 (1983).

[3] **Johnston v. Harris County Flood Control Dist**., 869 F.2d 1565 (5th Cir. 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 1019 (1990).

Based upon the testimony at the hearing and the submissions of the parties, the district court concluded that "much of the work" performed by Goerlitz's counsel was neither redundant nor unnecessary. The district court further found that Goerlitz's counsel unilaterally produced the ultimate evidence it relied upon in ruling against CLD. As noted, the court awarded attorney's fees some 30 percent less than that previously awarded. In addition, the district court awarded $32,547.66 in appellate attorney's fees to compensate Goerlitz's counsel for her work on the first appeal, basing this award on the written submissions of the parties which included a 19-page affidavit by Goerlitz's counsel detailing the hours spent on the appeal. The district court reviewed that affidavit with exacting scrutiny, taking care to assure that any duplicitous hours and any hours spent on Goerlitz's unsuccessful cross-appeal were not included.

Our review of the record in this lengthy and contentious case persuades that we should affirm the district court which, necessarily, is vested with great discretion in the award of attorney's fees. We find no abuse of that discretion with respect to the fees awarded for either the trial or appeal.

Finally, to bring this matter to a termination, which is in the maximum best interests of all concerned including the courts, we shall set the attorney's fees for this appeal. We therefore direct counsel for Goerlitz to submit an application and

affidavit for fees for this appeal to this court within 20 days from issuance of this opinion.  CLD will have 20 days from that filing to submit any response it deems appropriate.  The matter will be deemed submitted and will be promptly addressed by this panel which retains jurisdiction for that purpose.

The judgment appealed is AFFIRMED.